## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA M. MUNROE and TIFFANY MUNROE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 07-cv-0176-MJR ) |
| WAYNE WILKENS d/b/a WAYNE WILKENS TRUCKING, MONTY G. MURPHY, GERALD I. STURGEON and ROGER SNYDER, | ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On March 12, 2007, Plaintiffs, Joshua and Tiffany Munroe, filed suit in this Court against Defendants, Wayne Wilkens d/b/a Wilkens Trucking, Monty G. Murphy, Gerald I. Sturgeon and Roger Snyder.  On or about November 6, 2006, Plaintiff Joshua Munroe was injured in a vehicular accident, which involved three grain trucks, owned by Defendant Wilkens and operated by Defendants, Murphy, Sturgeon and Snyder.  Plaintiff Tiffany Munroe alleges claims for loss of consortium.

The case comes now before the undersigned Judge for threshold review.  The principal purpose of such review is to ascertain that subject matter jurisdiction properly lies.  ***See, e.g., Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")**.

Plaintiffs' complaint invokes subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**.  Section 1332 confers original jurisdiction over suits in which the amount

in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

Plaintiffs allege that the matter in controversy exceeds the sum or value of $75,000.00. Thus, the amount-in-controversy requirement has been satisfied. Unfortunately, however, the Court cannot verify that complete diversity exists.

Plaintiff Joshua Munroe alleges that he is a "resident" of Missouri. Citizenship may differ from residence*, see, e. g., **Denlinger v. Brennan**, **87 F.3d 214 (7th Cir. 1996)**, and the law of this Circuit clearly holds that allegations of residence do not support the exercise of jurisdiction under the diversity statute. Indeed, the general rule provides that when parties allege residence rather than citizenship, "the district court must dismiss the suit." ***Adams v. Catrambone*, 359 F.3d 858, 861 n.3 (7th Cir. 2004) (*quoting Guaranty National Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996)).**

Moreover, Plaintiffs' complaint indicates that Defendants, Wilkens, Murphy and Sturgeon, may be served in Indiana but does not identify their citizenship. For purposes of diversity citizenship, citizenship is determined by a party's domicile. ***Gilbert v. David,* 235 U.S. 561, 569 (1915); *Pollution Control Indus. of America, Inc. v. Van Gundy,* 21 F.3d 152, 155 n. 4 (7th Cir.1994).** Thus, Plaintiffs' allegation as to place of service is insufficient to establish this Court's diversity jurisdiction over these Defendants. Finally, as to Plaintiff Tiffany Munroe and Defendant Snyder, no information whatsoever as to citizenship is provided. Thus, the Court cannot ascertain that diversity is complete, as required to exercise subject matter jurisdiction under **28 U.S.C. § 1332**.

The Seventh Circuit has instructed district courts freely to grant leave to amend

defective allegations of subject matter jurisdiction, rather than *sua sponte* dismissing cases for lack of jurisdiction. *See Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992), *cert. denied*, 508 U.S. 941 (1993); *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001).

Additionally, unless a jurisdictional defect is clearly incurable, the United States Court of Appeals for the Seventh Circuit has encouraged district courts freely to grant leave to amend defective allegations of subject matter jurisdiction, rather than *sua sponte* dismissing cases for lack of jurisdiction. *See id.*

For these reasons, the Court will permit Plaintiffs to file a jurisdictional memorandum, on or before **June 11, 2007**, clarifying the citizenships of all parties. Once able to confirm that subject matter jurisdiction lies, the Court will "track" the case.

**IT IS SO ORDERED.**

**DATED this 23rd day of May, 2007**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**