# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA M. MUNROE, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 07-cv-176-PMF |
| WAYNE WILKENS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 65). Plaintiffs are proceeding on Counts 1 and 2 against defendant Wayne Wilkens, d/b/a Wayne Wilkens Trucking; on Counts 3 and 4 against defendant Monty G. Murphy; on Counts 5 and 6 against defendant Gerald I. Sturgeon, and on Counts 7 and 8 against defendant Roger Snyder. These defendants seek judgment in their favor on all Counts on the basis of their affirmative defense of release. In support of this motion, the defendants submit several documents, including a partial release agreement signed by plaintiffs Joshua M. Monroe and Tiffany Monroe on July 19, 2008.

Summary judgment is proper where admissible evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact arises when the facts and inferences drawn in favor of the nonmoving party would permit a jury to return a verdict for that party. *Faas v. Sears, Robuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

The defendants argue that the release agreement signed by the plaintiffs is a contract and is enforceable as valid, unambiguous, and reasonable. They maintain that the pertinent language – viewed in light of a decision by the Court of Appeals on a related declaratory judgment action – precludes plaintiffs from any further recovery on Counts 1-8.

The motion is unopposed. Pursuant to Local Rule, the absence of a response is considered an admission of the merits of the motion. SDIL-LR 7.1(c). A complete review of the materials demonstrates that the material facts are not in dispute. On July 19, 2008, the plaintiffs executed a valid and enforceable agreement releasing the defendants from any further liability on the claims alleged in Counts 1 through 8, conditioned on the pursuit of a declaratory judgment action. Defendants met that condition, and plaintiffs have retained the sums paid to them. Accordingly, the defendants have proved that they are now entitled to judgment in their favor on the affirmative defense as a matter of law.

Defendants' motion (Doc. No. 65) is GRANTED. Judgment shall enter as follows:

(1). In favor of defendant Wayne Wilkens d/b/a Wayne Wilkens Trucking and against plaintiff Joshua M. Monroe on Count 1;

(2). In favor of defendant Wayne Wilkens d/b/a Wayne Wilkens Trucking and against plaintiff Tiffany Monroe on Count 2;

(3). In favor of defendant Monty G. Murphy and against plaintiff Joshua M. Monroe on Count 3;

(4). In favor of defendant Monty G. Murphy and against plaintiff and Tiffany Monroe on Count 4;

(5). In favor of defendant Gerald I. Sturgeon and against plaintiff Joshua M. Monroe on Count 5;

(6). In favor of defendant Gerald I. Sturgeon and against plaintiff Tiffany Monroe on Count 6;

(7). In favor of defendant Roger Snyder and against plaintiff Joshua M. Monroe on Count 7; and

(8). In favor of defendant Roger Snyder and against plaintiff Tiffany Monroe on Count 8.

SO ORDERED:   March 25, 2011  .

   S/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE